## TENNESSEE ICE CO. *v.* RAINE.

### (*Jackson.* May 18, 1901.)

1. CORPORATIONS. *Charter powers.*

   A corporation having the charter of an ice company has no authority to engage in the business of buying and selling beer, and its acts in the latter capacity are *ultra vires.* (*Post, p. 154.*)

2. SAME. *Liability for ultra vires acts.*

   A corporation that has received and retains the benefit of an executed contract that it had no power under its charter to make, will not be heard to say that its act was *ultra vires* in order to defeat an action by the other party to recover what is justly due upon an equitable adjustment between the parties. (*Post, pp. 154–160.*)

   Cases cited: Hawkins Co. *v.* Railroad, 1·Shann., 297; Marble Co. *v.* Harvey, 92 Tenn., 121.

3. CHANCERY PLEADING AND PRACTICE., *Bill may embrace double aspect and seek alternative relief when.*

   A bill in equity is not bad for duplicity, by which the complainant seeks to recover against a corporation on its contract if valid, or in the alternative upon the value of the consideration paid, if the contract should be held *ultra vires* and void. (*Post, pp. 153–155.*)

   Cases cited: Merriam *v.* Lacefield, 4 Heis., 218; Dodd *v.* Benthal, 4 Heis., 609; Marble Co. *v.* Harvey, 92 Tenn., 121; Hill *v.* Harriman, 95 Tenn., 308; Collins *v.* Knight. 3 Tenn., Ch. 188.

4. SAME. *Prayer for relief.*

   Where a general prayer is added to a special prayer for relief, such relief may be granted as is justified by the averments of the bill, even though it be different from that primarily and specially asked for.

Tennessee Ice Co. *v.* Raine.

Cases cited: Ross *v.* Young, 5 Sneed, 630; Hoyal *v.* Bryson, 6 Heis., 141; O'Connor *v.* Hotel Co., 93 Tenn., 708.

FROM MADISON.

Appeal from Chancery Court of Madison County. A. G. HAWKINS, J.

HAYS & BIGGS for Bank.

R. F. SPRAGINS for Brewing Co.

WILKES, J. The original bill in this case was filed to wind up the Tennessee Ice Company as an insolvent corporation. It was filed by its manager and secretary on behalf of himself and all creditors and stockholders. The company was incorporated in 1890, and its charter is made part of the record. Answers were filed by some of the parties named as defendants, and there was an order to the Clerk and Master to report its indebtedness. Under this order, the Joseph Schlitz Brewing Company, a foreign corporation, filed a balance of account, for beer sold the company, amounting to $453.40. It also filed a petition in the insolvency proceeding, setting out that beer was sold to the company, to the amount of $1,853.52, which was all disposed of by the company, and proceeds received by it and appro-

priated to its uses and benefit, and that all but $453.40 of the proceeds had been paid the brewing company, and that it refused to pay this sum, upon the ground that the contract made by the company was *ultra vires* and not warranted by any authority in its charter.

The petition prays that its claims be allowed against the corporation; but that, if that relief cannot be granted because of the objection made, or for any other reason, then, that petitioner be allowed to disaffirm the contract and recover for so much goods as had not been paid for, to wit, the sum of $453.40; that it have relief, as upon an account, for a balance of money had and received, or as for a conversion, and for such other and further and general relief as it might be entitled to under the premises.

The petition was demurred to upon three grounds by the Second National Bank, as a creditor.

1. That the account was for beer sold and delivered, and it did not appear that the ice company was by its charter empowered and authorized to deal in beer.

2. That the sale of the beer to the company for purposes of resale was an act *ultra vires* the charter, and that the business of cold storage, which the company was authorized to carry on, did not give it the power to buy and sell beer, and its attempt to do so was beyond its power and its contract void, and no recovery could be had thereon.

This demurrer was sustained, the claims disallowed, and petitioner has appealed to this Court and assigned errors.

We are of opinion there is error in the decree and action of the Chancellor in the Court below. Granting that the ice company had no right to buy and sell beer under its charter, which is not seriously questioned, and which, we think, admits of no doubt, the fact remains that it has received from the petitioner goods tó the value of $453.40, which it has sold and converted to its own use, and for which it refuses to account. While the petitioner may not recover upon the contract, as in affirmance of the same, it has the right to disaffirm such contract and sue for the proceeds of its property, which the ice company, under the guise of a contract, has received, and which it seeks to repudiate without accounting for the benefits received.

The contract is an executed one, so far as the petitioner is concerned, the property of the brewing company has been received and appropriated, and the ice company has the benefit.

The petition is in the alternative that a recovery be had in affirmance of a sale, but if this cannot be done over the objection of the ice company, then that petitioner be allowed to disaffirm the contract and sue for the proceeds of the goods sold and not paid for, on the idea of a *quantum valebat*, or of money had and received, or consideration retained, upon a void sale.

A bill may pray for alternative relief, provided the prayer is consistent with the facts stated in the bill, when the complainant cannot foresee the result of his suit, or when the bill has a double aspect. Gibson's Suits in Chancery, Sec. 183; *Collins* v. *Knight*, 3 Tenn., Ch., 188; *Merriman* v. *Lacefield* 4 Heis., 218; *Dodd* v. *Benthal*, 4 Heis., 609; *James* v. *Kennedy*, 10 Heis., 604; *Marble Co.* v. *Harvey*, 92 Tenn., 121; *Hill* v. *Harriman*, 95 Tenn., 308; 1 Pomeroy's Equity Juris., p. 246.

And when there is a prayer for special and general relief, such relief may be granted as is justified by the averments of the bill, even though it be different from that primarily or specially asked for. *Ross* v. *Young*, 5 Sneed, 630; *Hoyal* v. *Bryson*, 6 Heis., 141; *O'Conner* v. *Hotel Co.*, 93 Tenn., 708.

There is no objection in the demurrer in this case that alternative prayers are made in the petition, and the demurer as filed does not go to the entire petition and relief asked, but only to that feature of it which seeks an enforcement of the contract, and not to the alternative feature that seeks a rescission and refunding. If there was an antagonism in the relief asked it would be waived by the failure to object, but under the facts there is no real antagonism. Counsel for the bank has cited a large number of authorities to sustain their contention that the Courts will not enforce the *ultra vives* contracts of corporations, and this is undoubtedly true when the

contracts are executory and the attempt is simply to enforce ; but when the contract has been executed on the one hand, and on the other the party has secured benefits for which it refuses to account, the rule is different, and upon the repudiation of the contract by the party who has received the benefit, the opposing party may sue to recover the proceeds withheld. The petition in this case may, therefore, under the facts and prayer, be treated as one dis-affirming a void executed contract and seeking to recover back the consideration paid thereon.

In *Holt* v. *Winfield Bank*, 25 Fed. Rep., 312, the Court, speaking through Mr. Justice Brewer, said: "It may be considered as settled law to-day that when a corporation goes outside of its legitimate business and makes a contract, and that contract is executed and the corporation has received the benefits of the contract, the Courts will never listen to a plea of *ultra vives*."

In *Salt Lake City* v. *Hollister*, 118 U. S., 263, it is said that in cases of *ultra vires* contracts, upon which corporations could not be sued, "the courts have gone a long way to enable parties who had parted with money and property on the faith of such a contract, to obtain justice by recovery of the property, or the money specifically or as money had and received, to the plaintiff's use. See, also, *Hitch-cock* v. *Galveston*, 96 U. S., 340–350; *Chapman* v. *Douglass*, 107 U. S., 348–355; *Parkersburg* v. *Brown*, 106 U. S., 487–503.

In *Pullman Car Co.* v. *Central Trans. Co.*, 171 U. S., 138, the Court refused to enforce specific performance of an *ultra vires* contract, which was void also as against public policy, the Court nevertheless permitted the recovery of the consideration paid. It said: "The property must, therefore, be returned or paid for. The former is impossible. The property has substantially disappeared. It has become incorporated with the business and property of the plaintiff, and cannot be separated. Compensation must be made therefor." *Pullman Car Co.* v. *Cent. Trans. Co.*, 171 U. S., 152. See, also, *Denver Fire Ins. Co.* v. *McClellan*, 9 Colo., 135; same case, 59 Am. Rep., 135.

In this case Justice Stone says, for the Court, in substance: "The public has more interest in compelling a corporation to account for benefits received than it has in the protection of innocent stockholders and creditors. We are not able to see why the fact of insolvency should prevent the operation of the rule. If the corporation has received values the same have enured to the benefit of stockholders and creditors, whether the concern is going or insolvent.

It may be a reason why the petitioner may not recover his full claim, but only a *pro rata*, but it is not a reason why he should not share in the assets with other creditors. In the case of *Hawkins Co.* v. *The R. R.*, 1 Shann., 297, it is said: "If a party proceeds in the performance of a con-

tract, expending his money and labor in the production of values which the corporation appropriates, we can never hold the corporation excused from payment or performance on the plea that the contract was *ultra vires.*"

There is a uniformity in the decisions that either party to an *ultra vires* contract, while retaining the benefits, is estopped to plead that the contract was *ultra vires* in order to defeat recovery. But they are not agreed as to the remedy in such cases.

One class of cases holds that the party against whom recovery is sought is estopped to deny the contract and permit recovery on the contract itself, and, perhaps, the weight of authority is in favor of this view. Elliott on Private Corporations, Sec. 218; 2 Beach on Private Corporations, 423, 425, 433, citing a large number of authorities. It appears that sixteen or more States have adopted this rule, which is tersely stated in *Seymore* v. *Guaranty Asso., etc.,* 54 Minn., 147, as follows: "There are few rules better settled or more strongly supported by authority, with fewer exceptions, in this country than that when a contract by a private corporation, which is otherwise unobjectionable, has been performed on one side the party who has received and retained the benefits of such performance, shall not be permitted to evade performance on the ground that the contract was in excess of the (power) purposes for which the company was created.

Another class of cases holds that when one party to an *ultra vires* contract has rendered service or parted with values for the benefit of another, although he cannot recover upon the contract itself, he may disclaim the contract and sue upon a *quantum meruit* or *quantum valebat*. 2 Beach on Private Corporation, Secs. 423, 433, note 3, p. 714; *Pittsburg* v. *Bridge Co.*, 131 U. S., 389.

Our own Court seems to have granted relief upon each theory—on the first: *Hawkins Co.* v. *Railroad*, 1 Shannon, 297; on the second: *Marble Co.* v. *Harvey*, 92 Tenn., 121 (S. C., 20 L. R. A., 765, and notes). See also: Elliott on Private Corporation, Secs. 206, 209; *Pittsburg R. R. Co.* v. *Keokuk*, 131 U. S., 371; *Greenville Co.* v. *Planters Co.*, 70 Miss., 669; *Garrett* v. *Kansas City Co.*, 113 Mo., 330; *Bank* v. *Townsend*, 139 U. S., 67. The Mississippi case cited *supra*, seems to recognize the existence and propriety of both remedies. *Greenville Co.* v. *Planters Co.*, 70 Miss., 669.

In *Central Trans. Co.* v. *Pullman Co.*, 139 U. S., 60, the Supreme Court of the United States says :

"The Courts, while refusing to maintain any action upon the unlawful contract, have always striven to do justice between the parties so far as it could consistently be done with adherence to law, by permitting property or money parted with on the faith of the unlawful contract to be recovered back or compensation to be made therefor."

"In such case, however, the action is not maintained on the unlawful contract nor according to its terms, but on an implied contract to return or failing to do that, to make compensation for property or money which it has no right to retain."

We are of opinion, it is not material whether the action be for money had and received, or for consideration paid and withheld on a void contract sought to be rescinded, the substance of the right is to recover back money, which, in equity and good conscience, belongs to petitioner and is unjustly withheld from him by defendant.

The decree of the Chancellor is reversed and the petitioner will be allowed to file and prove his claim and share *pro rata* in the assets of the Ice Company, and the bank will pay the costs of the petition in this Court and Court below.