RALPH ROGERS & COMPANY, INC

*v.*

ALLIED CONSTRUCTION COMPANY et al.

ALLIED CONSTRUCTION COMPANY

*v.*

TENNESSEE ASPHALT COMPANY.

(*Knoxville*, September Term, 1958.)

Opinion filed June 5, 1959.

HARRY A. HITE, Chattanooga, TAYLOR & TEMPLETON, Knoxville, for appellant, Allied Construction Co.

O'NEIL & JARVIS and FRANK J. McGHEE, Knoxville, for appellee, Ralph Rogers & Co., STONE, BOZEMAN, HORDE & STOCKTON, Knoxville, for appellee, Tennessee Asphalt Co. Inc.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The original bill was filed by Ralph Rogers & Company, Inc., on a sworn statement of account coming from Davidson County, Tennessee, against Allied Construction Company. The Allied Construction Company answered this bill denying that it owed the complainant any amount, and also, coupled with this answer, filed a cross bill against the Tennessee Asphalt Company, in which it asked for a judgment against them for some $200,000 which it alleged the Tennessee Asphalt Company owed them for defective paving done under a contract dated April 8, 1955. It alleged in this answer and cross bill that any claim that the Ralph Rogers & Company, Inc., had against them on the account on which they were sued grew out of the defective work that Ralph Rogers & Company, Inc., did as a sub-contractor for the Tennessee Asphalt Company in doing the work under the contract

which Allied Construction Company had with the Tennessee Asphalt Company under its contract of April 8, 1955. This bill sought no recovery against the original complainant, Ralph Rogers & Company, Inc., but prayed that for any recovery allowed this original complainant the cross complainant be awarded a judgment over against the Tennessee Asphalt Company.

The Tennessee Asphalt Company filed its answer to this cross bill of the Allied Construction Company denying that the work done under the contract of April 8, 1955, with Allied Construction Company was defectively done, but asserting that, if so, it was done by the original complainant Ralph Rogers & Company, Inc., as it, Tennessee Asphalt Company's subcontractor. It prayed that its answer be treated as a cross bill against the original complainant, Ralph Rogers & Company, Inc., and asked that should the work done be found defective that for any decree granted in favor of Allied Construction Company, that it be granted a decree over and against the original complainant, Ralph Rogers & Company, Inc.

The original complainant, Ralph Rogers & Company, Inc., thereupon moved the court either to dismiss the cross bill filed against it or to grant a severance because the cross bill brought *"in a third party defendant based upon a contract which was not the basis on which the suit was originally brought by the original complainant."*

The Chancellor granted the severance and also granted Allied Construction Company a discretionary appeal to his so ordering a severance. Briefs have been filed and after considerable study and investigation on the matter we now have it for determination.

The assignments, and argument, of Allied Construction Company is that the amount for which they were sued on the sworn account in the original bill of some $10,000 grew out of work that the original complainant Ralph Rogers & Company, Inc., did under a contract of April 8, 1955 that it had with the Tennessee Asphalt Company to do certain work at Oak Ridge and that this work was done defectively. It denies that it, Allied Construction Company, owes Ralph Rogers & Company, Inc., anything by reason of this defective work which Ralph Rogers & Company, Inc., did for the principal contractor, Tennessee Asphalt Company, who had the contract with Allied Construction Company. Thus it is said, and forcefully argued, that since this work was defectively done by the sub-contractor of its principal contractor, Tennessee Asphalt Company, that it does not owe this sworn account. In the answer of Allied Construction Company to the original bill of Ralph Rogers & Company, Inc., it seeks by way of the answer and cross bill to bring in the Tennessee Asphalt Company and asks for judgment over and against the Tennessee Asphalt Company for defective work under this contract of some $200,000.

The answer of the Tennessee Asphalt Company to the cross bill of Allied Construction Company denies that any work that it did for Allied Construction Company was done defectively but says that if it was done defectively Ralph Rogers & Company, Inc., its sub-contractor, did this defective work and thus it is asked that Ralph Rogers & Company, Inc., the original complainant in the original bill be made a party defendant and that any judgment allowed Allied Construction Company for defective work, if any, be taken against Ralph Rogers &

Company, Inc., Tennessee Asphalt Company's subcontractor.

Thus it is seen by the original bill and answer and cross bill bringing in the Tennessee Asphalt Company and the answer and cross bill to the Tennessee Asphalt Company's cross bill brings all parties before the Court where the Court can reach a just and final conclusion as to all matters. It is shown by these pleadings that the sworn account upon which the original bill was based necessarily grew out of work that it had done as a sub-contractor for Tennessee Asphalt Company and that Tennessee Asphalt Company was the general contractor with Allied Construction Company. Under this state of the pleadings it seems to us that in order to do justice that all parties must necessarily be involved in the proof herein of all three bills, answers and cross bills.

The argument of Ralph Rogers & Company, Inc., in support of the Chancellor's allowing the severence is based on various propositions. The first being that the allowance of a severance is a discretionary matter with the trial court or the Chancellor who tries this case below. The basic case for such a rule is *Tyson v. Netherton,* 53 Tenn. 19. In this case the Court lays down this unquestioned rule that the allowance of a severance is a discretionary matter. The facts upon which this rule is laid down is in a law case where one defendant sought to have a severance between himself and another defendant so that he might use the other defendant as a witness on his behalf in his trial. This general proposition that the granting of a severance is a discretionary matter has been followed in other cases and is unquestionably a sound rule when the record shows that the action of the

trial court has been based on his discretion under a given state of facts. We think though that we are not violating the rule of *stare decisis* on this question of discretionary severance because it appears to us that probably the reason the Chancellor granted this severance was more on the idea that he thought that under our Statute, Section 21-620, T.C.A., and certain authorities, that where a third party defendant, who was not a party to the original action, was brought into court based on a contract which was not shown to be the basis for the original suit that then he had no jurisdiction to require the parties to all proceed in the same action.

We think that under the allegations herein, that is, the original bill and the answers and cross bills herein, that it is necessary that all of these actions be tried together and not be severed. If they were and are severed the original complainant is not going to escape any taking of proof or things of that kind in the end because this original complainant in the end must defend the cross bill of Tennessee Asphalt Company—all actions are so combined when looking at it from a broad standpoint that equity and justice demands that they be tried together. It is true that on a mere sworn account in the first instance Rogers & Company, Inc., might get a judgment on it as it stands without the necessary proof that is required under the other cross bills herein but in the end it all necessarily involves the same thing, all parties are necessarily parties thereto.

■■ It seems to us that a liberal reading of the Statute, Section 21-620, T.C.A., necessarily means that new parties defendant may be brought into a Chancery lawsuit by answer and cross bill even though the first

answer and cross bill does not seek any affirmative relief against the original complainant. This Section of the Code reads:

"The defendant may file his answer as a cross bill, or in the nature of a cross bill, not only against the original complainant, but against any other defendants to the original bill; and under it may have brought before the court new parties; all as if he were filing a cross bill proper."

This Code Section is based on Chapter 11, Sec. 1, of the Acts of the Legislature of 1921. A reading of this Section shows plainly that it was the purpose of the Legislature in enacting it that new parties might be brought in. The Section reads, or the wording thereof is slightly different from that here and includes in it, after the quoted language:

"* * * not only against the original complainant or complainants, but against any other party or parties defendant to the original bill; and may also bring in new parties by said answer and cross-bill just as if it were a separate cross-bill."

The codifiers of the 1932 Code modified it slightly from the original Act of 1921 to the language as quoted above. It is now in the present Code. We do not think, though, that this Code Section prohibits an action as is here brought. The Code Section is not prohibitory but permissive. Clearly when you have no prohibitory legislation from bringing an action as here brought the Chancellor who hears these matters would have a right when these things are brought to his attention, and it is shown to him clearly that all grew out of the same thing, to

consolidate the cases and hear them together. When the three parties to the lawsuit show one right of recovery based on another clearly they should be brought together.

This Court in its very early days in *Hildebrand v. Beasley,* 54 Tenn. 121, said:

"The elementary authorities hold that a cross-bill must be confined to matters growing out of the original bill; and according to some authorities new parties cannot be introduced into a cause by a cross-bill. See 2 Daniel Ch.Pr. 1647, citing 17 Howard, 145. But under our practice we should not be inclined to carry the doctrine so far. * * *.

"It is the policy of the law to prevent a multiplicity of suits, and upon the facts stated in the cross-bill, the relief to which the plaintiff may be entitled therein could not be fully given without making Fort a party."

It is true that before the Statute (Sec. 21-620, T.C.A.) in an answer filed as a cross bill new parties cannot be brought before the Court. *Pollard v. Wellford,* 99 Tenn. 113, at page 121, 42 S.W. 23, at page 25. Since that time the modification in the Code above giving permissive rights to bring in certain of the parties as shown in the language of the statute has been enacted. We take it, though, that even under the language above quoted from the Hildebrand case the Court found on the limitation of questions of the kind and more or less indicated that where it was necessary to do complete justice to all parties that they should all be tried in one lawsuit.

The author of American Jurisprudence, in Vol. 19 thereof, page 233, Sec. 330,, makes this very sound observation.

"The prevailing view is that new parties may be brought in as defendants to a cross bill, if their presence seems to be necessary to a proper determination of the matters involved in the cross bill or if the cross bill seeks appropriate affirmative relief and the new parties are necessary to the granting of such relief."

Then too, under the broad equitable principle that equity desires to do complete justice in the premises as to the subject matter under the maxim that courts of equity "delight to do justice, and not by halves." That is to say, in a measure every such case must be governed by what is convenient and equitable under its own facts, subject to the recognized principles of equity. Thus it is said in Gibson's Suits in Chancery, Fifth Edition, Vol. 1, Sec. 47, page 58, that:

"Hence, the Court requires that all persons interested, either legally or beneficially, in the subject matter of the suit shall be made parties to it, either as complainants or as defendants, so that there may be a decree that will bind them all."

A very forceful argument is likewise made herein on behalf of the appellee, Ralph Rogers & Company, Inc., that to try these three matters together that they present multifarious propositions. We do not think so. The rule or multifariousness is not that all the parties have an interest in all the matters in controversy but that it is sufficient that each defendant has an interest in some of the matters involved and they are connected with the others. When we apply such a rule under the averred facts herein the matters are in no way multifarious—they each have a connection with the other.

■ We think then that under the allegations of the various pleadings herein that it is necessary to do complete justice all around and these suits be tried together. For the reasons herein stated the decree granting the severance is reversed and the case remanded to the Chancery Court where further pleadings and proof may be had for a final determination of the matter.

On Motion to Dismiss Discretionary Appeal.

On May 25, 1959, Ralph Rogers & Company, Inc., filed with the Clerk of this Court a motion to dismiss the discretionary appeal of Allied Construction Company herein. The discretionary appeal had been granted in the Chancery Court and the cause by inadvertence originally appeared to the Court of Appeals, Eastern Division, which court had properly transferred the case to this Court. The case was submitted to us on May 2, 1959, with the assignments of error, briefs, etc., of the respective parties. On this record we, after due deliberation, conference and consideration, determined that the Chancellor was in error in granting the severence and prepared an opinion to this effect (filed herewith) and remanded the matter to the Chancery Court for further pleadings and proof, etc.

The motion now filed comes after we had completed our study, conference and investigation of the matters presented originally. Regardless of the lateness of this motion we have and are giving it due consideration. The motion is based on Code Section 27-305, T.C.A., and is to the effect that this Section does not permit such a discretionary appeal because it does not settle the rights of the appealing party and less than all parties have prayed the appeal.

■■ This Statute (Section 27-305, T.C.A.) is a wholesome one and its purposes should not be defeated by a narrow and technical interpretation. The Courts will not place such a construction upon the Statute in determining whether or not an appeal falls expressly within its terms. *Moore v. Churchwell,* 27 Tenn.App. 443, 181 S.W.2d 959, *certiorari* denied by this Court.

■ A discretionary appeal may be granted from an interlocutory decree where such an allowance would aid the Chancellor as a guide to a final disposition of the determination of the cause. *Hyder v. Hyder,* 16 Tenn.App. 64, 66 S.W.2d 235.

■ A discretionary appeal such as allowed by the Chancellor herein ordinarily will not be dismissed on motion, as having been improvidently granted, unless there is a gross and palpable abuse of discretion. *Crawford v. Aetna Life Ins. Co.,* 59 Tenn. 154; *Cory v. Olmstead,* 154 Tenn. 513, 290 S.W. 31.

■ In considering this motion and by a study of the opinion that we have filed herein it is found that the severance granted by the Chancellor was based upon motion of the now movant, Ralph Rogers & Company, Inc., upon the idea that the cross bill brought in a third party defendant upon a contract which was not the basis of the original action. Apparently the Chancellor was in doubt as to whether or not the causes should be tried together and rather than to go through a long period of time in taking proof, etc., and getting a final determination in trying all the cases together he, in his discretion, which we think was a sound one and was not an arbitrary action on his part, granted this discretionary appeal to determine the question.

We think, for reasons stated in the opinion dealing with the merits of the question, that is, whether or not the causes should be tried together, shows clearly that the causes should be tried together. We further stated in this opinion that upon development of the proof in either of these cases it might be determined by the Chancellor that it is necessary that the two cases be consolidated and tried together as it would be necessary to have the whole picture before determining either of these lawsuits.

For these reasons we think that the motion to dismiss the discretionary appeal should be disallowed and the opinion in the original matter as this day released should stand. The motion to dismiss is accordingly disallowed.