JIMMY LEE JOHNSON

*v.*

AERO MAYFLOWER TRANSIT COMPANY

*v.*

AMERICAN TRANSFER AND STORAGE COMPANY and Security
National Insurance Company

*v.*

CHADWELL-DELONEY MOVING COMPANY.

425 S.W.2d 757.

(*Nashville,* December Term, 1967.)

Opinion filed March 8, 1968.

220

JOSEPH L. LACKEY, SR., Nashville, for Jimmy Lee Johnson.

STEPHENSON, LACKEY & HOLMAN, Nashville, for Aero Mayflower Transit Company.

HOOKER, KEEBLE, DODSON & HARRIS, Nashville, for American Transfer & Storage Company and Security National Insurance Company.

MANIER, CROUCH, WHITE & HEROD, Nashville, for Chadwell-Deloney Moving Company.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an appeal in error from a judgment in a workmen's compensation proceeding, rendered in the Circuit

Court of Davidson County, Tennessee. To aid in setting forth the rather complex statement of this case, the parties will be designated as follows: Jimmy Lee Johnson as Johnson; Aero Mayflower Transit Company as Aero; American Transfer and Storage Company as American; Security National Insurance Company as Security; and Chadwell-Deloney Moving Company as Chadwell.

On April 23, 1965, Johnson filed suit against Aero, seeking workmen's compensation benefits, as a result of an injury sustained on September 3, 1964. This suit was docketed in the trial court as No. 78680. Aero filed its answer on August 12, 1965, and asserted in defense that Johnson was not an employee of Aero at the time of the accidental injury; but was, in fact, an employee of American.

Promptly thereafter, Johnson filed a similar suit for compensation against American and Security. That case was docketed as No. 79571. American and Security each filed a plea in abatement on the ground that they were not amenable to service of process in the cause, since both were foreign corporations, not, in any legal sense doing business or present within the State of Tennessee at the time of occurrence of the accident or otherwise. After hearing, these pleas in abatement were overruled by the trial court. American and Security each filed a motion for new trial as to the rulings on these pleas in abatement; but these motions for new trial were likewise overruled. American and Security then filed a joint answer. Coupled with that answer was a cross-petition against Chadwell by which American and Security sought to recover any liability imposed upon them by remedy over against Chadwell. They alleged that Chadwell had agreed to absolve them from workmen's compensation liability by

a contract of indemnity. Chadwell filed a plea in abatement to this cross-petition by which it challenged the right of American and Security to bring it in as a third party by use of a cross-petition.

Almost simultaneously with the above events the case of *Johnson v. Aero,* No. 78680, was proceeding in a similar manner. On April 7, 1966, Aero filed a cross-petition against American and Security. Aero asserted that under a lease agreement, American had agreed to be responsible for workmen's compensation on workers helping to unload American trucks being used on Aero jobs; and that they would indemnify Aero for any payments made in this regard. Security was joined since it was the insurance carrier for American. American and Security filed pleas in abatement challenging the jurisdiction of the court over them, on the grounds that (1) they were both foreign corporations, not, in any legal sense, doing business or present within the State of Tennessee at the time of occurrence of the accident or otherwise, and (2) they could not be brought in by cross-action, since such procedure was unknown to the forms of practice in Tennessee. After a hearing, the pleas in abatement were overruled. American and Security then filed a joint and separate answer, coupled with a cross-petition against Chadwell. Chadwell filed a plea in abatement to this cross-petition, again challenging the right to bring in a third party defendant by use of a cross-petition.

On December 20, 1966, the cases were "consolidated" for hearing on the demurrers of American and Security to Chadwell's pleas in abatement to the cross-petition. The trial judge sustained the demurrers to Chadwell's pleas in abatement. Thereafter, Chadwell filed its answer to the cross-petition of American and Security.

On March 13, 1967, trial was held on the consolidated cases. By final order, the trial judge reached the following conclusions: (1) The suit of *Johnson v. American and Security,* No. 79571, with all cross-actions, was dismissed. (2) Johnson received an accidental injury on September 3, 1964, from which he sustained 12½% permanent, partial disability. (3) The injury arose out of and in the course of employment with Aero; that is, Johnson was an employee of Aero at the time of the injury. (4) Johnson earned an average weekly wage of $28.46, which, with medical expenses, entitled him to a total award of $2,917.50. (5) Aero was directly liable to Johnson for the compensation award. (6) Aero was entitled to recover on its cross-petition against American and Security all sums paid pursuant to the judgment. (7) American and Security were entitled to recover the same amount from Chadwell.

All parties filed motions for new trial. All motions were overruled by the trial court. Thereafter, all of the parties appealed in error to this Court.

On appeal, Johnson's primary complaint is that the court erred in the manner in which it determined the average weekly wage for the purpose of awarding compensation. Chadwell's main assignment of error is that the trial judge allowed it to be brought in on a cross-petition; that this procedure is unknown to Tennessee practice. American and Security similarly argue that it was error to allow them to be brought in on a cross-petition. They further assert that the lower court erred in refusing to sustain their plea in abatement challenging the amenability to service of process. Aero asserts that there was no evidence to support a finding that Johnson

was an employee of Aero, and consequently no evidence to support the original judgment against it.

At this point, it is necessary to give a brief background of the factual situation. Aero is a large interstate carrier of furniture and household goods. It makes agency contracts in various localities with movers who operate strictly in intrastate commerce. American is Aero's agent in the Dallas area, and Chadwell is Aero's agent in the Nashville area. Aero leases vehicles from American under an ''agency equipment lease.'' It was stipulated in this case that the van being unloaded at the time of the injury was being operated pursuant to this lease between Aero and American. By the terms of that lease agreement, American furnished the van and driver, and agreed to hold Aero harmless from any workmen's compensation liability to the driver or any helper.

Under the ''franchise agreements,'' the local agents are to provide, on request, persons to assist the driver in unloading. Thus, under this agreement, it was the duty of the agent at destination, Chadwell, to furnish the labor for unloading when called upon by Aero. The situation at issue involved an Aero shipment, under an Aero bill of lading, using a truck and driver leased from American. The driver brought the van to Nashville on Aero's instructions. Upon arrival in Nashville he went to Chadwell, where he was given directions to the final destination. He requested two men help him unload; Johnson and another man were assigned this task.

While carrying a chest up the stairway at the home of the consignee, Johnson was forced against the wall of the stairway. He sustained injuries to his neck and left shoulder. The driver called Chadwell to report the injuries. Chadwell sent two men to investigate and to

finish the unloading. When the driver returned to Chadwell to pay for the work of the helpers, he was told to pay the men directly. The driver thereafter paid Johnson $11.00 for his work; this sum being arrived at using the standard wage rate for this type work of $2.00 per hour. The money for this payment was part of the expense fund provided the driver by American.

After reviewing the record and briefs of counsel, this Court has reached the following conclusions: (1) The suit of Johnson against American and Security, No. 79571, was properly dismissed. (2) There is material evidence to support the finding of the trial court that Johnson was an employee of Aero at the time of the injury, and that Aero is directly liable to Johnson for the compensation benefits. (3) There is material evidence to support the finding of the trial court as to the amount of compensation. (4) The trial court erred in allowing American, Security, and Chadwell to be brought in as additional defendants by cross-petitions.

■■ The findings of fact of the trial court will not be disturbed on appeal if supported by any material evidence. The finding that Johnson was an employee of Aero at the time of occurrence of the events out of which compensation benefits here accrue is supported by material evidence. It becomes obvious from a review of the evidence that Johnson was a loaned employee working for Aero at the time of the injury. Aero was in charge of the shipment, the van, and the driver. Certainly, the essential element of direct control of the employee can be laid only to Aero. Aero has urged that certain other tests often used in workmen's compensation proceedings indicate that Johnson was an employee of American.

Regardless of the number and weight of those indicia, the ultimate finding of control is here determinative.

By his assignment of error, Johnson contends that the trial court erred in determining the average weekly wage solely from his "part time" earnings in the employ of Chadwell, rather than by computing the compensation rate on the basis of the standard wage of $2.00 per hour, normally paid for performing the type work he was engaged in at the time of the injury. Under T.C.A. sec. 50-902, the compensation award is determined by the amount of wages the employee earns and not by the rate of the wage. The trial court heard testimony as to the weekly payments to Johnson by Chadwell. This was in the nature of part-time work. Johnson testified that this wage was supplemented by additional work in unloading and loading the vans. For this latter employment, Johnson testified that he was paid directly by the driver of the truck. The testimony was inconclusive as to how much Johnson actually made in any given period. He testified that he would receive anywhere from $6.00 to $60.00 during a week of work and that, when he had a "full" week, he would make $60.00, $70.00 or $80.00. A study of the record indicates to this Court that the trial judge gave Johnson the highest amount of compensation permissible from the evidence produced at the trial.

It is contended by American, Security, and Chadwell, that the court erred in allowing them, as third parties, to be brought in as defendants by cross-actions. Each takes the position that in Tennessee procedure, there are neither court rules nor legislation to support this practice.

Under Tennessee civil practice, a third party cannot be brought into a suit as a defendant by cross-action.

*Stevens v. Linton* (1950) 190 Tenn. 351, 229 S.W.2d 510. There are neither court rules nor legislation to support this procedure. In 1955, the Tennessee Legislature passed legislation which would allow additional parties defendant to be brought in by cross-actions, T.C.A. sec. 20-120; but that section was repealed by the next session of the Legislature, Acts of 1957, Chapter 33.

■ Aero argues that a workmen's compensation action is inherently an equity proceeding; and consequently, it can take advantage of the Chancery procedure which allows third parties to be brought in as defendants by cross-petitions. We agree with Aero that T.C.A. sec. 21-620, as interpreted by this Court in *Ralph Rogers & Co., Inc. v. Allied Construction Company* (1959) 205 Tenn. 197, 326 S.W.2d 428, provides some support for this contention. However, the principle embodied in that statute and case would require a significant extension in order to cover the present situation. We do not feel such an extension is warranted.

T.C.A. sec. 21-620 concerns proceedings in Chancery courts and deals specifically with the parties which may be brought in by an action in the nature of a cross-bill. That Section states:

> "The defendant may file his answer as a cross bill, or in the nature of a cross bill, not only against the original complainant, but against any other defendants to the original bill; and under it may have brought before the court new parties; all as if he were filing a cross bill proper."

*Ralph Rogers & Co., Inc. v. Allied Construction Company*, supra, is the only opinion interpreting that statute. In that case, Allied contracted with Tennessee Asphalt

for paving work. Tennessee Asphalt subcontracted the work to Rogers. Upon completion, Rogers sued Allied on a sworn statement of the account. Allied answered and filed a "cross-action" against Tennessee Asphalt on the contract, alleging that the work was defective. Tennessee Asphalt denied the defectiveness but, in the alternative, stated that if the court adjudged the work defective, their answer was to be treated as a cross-bill against the original complainant Rogers. Tennessee Asphalt demanded a recovery over against Rogers, based on the contract between them, for any judgment against Tennessee Asphalt in favor of Allied.

Rogers moved the court to dismiss the cross-bill, or to grant a severance on the ground that the cross-bill brought in a third-party defendant. The Chancellor granted the severance and Allied appealed. This Court examined T.C.A. sec. 21-620 and said that it means "that new parties defendant may be brought into a Chancery lawsuit by answer and cross-bill, even though the first answer and cross-bill does not seek affirmative relief against the original complainant."

It was further held that the statute was "not prohibitory but permissive," with the ultimate determination left to the Chancellor. The Court said:

"Clearly when you have no prohibitory legislation from bringing an action as here brought *the Chancellor who hears these matters would have a right when these things are brought to his attention, and it is shown to him clearly that all grew out of the same thing, to consolidate the cases and hear them together.* When the three parties to the lawsuit show one right of recovery based on another clearly they should be brought together." (Emphasis added)

■ It was pointed out that equity desires to do complete justice as to the subject matter of the original suit. The Court summarized the governing principles by quoting from 1 Gibson's Suits in Chancery, 5th Ed., Sec. 47:

"Hence, the Court requires that *all persons interested, either legally or beneficially, in the subject matter of the suit* shall be made parties to it, either as complainants or as defendants, so that there may be a decree that will bind them all." (Emphasis added)

■ It may be concluded from a review of the above-cited case, and of the two earlier cases in Tennessee dealing with the same subject, *Hildebrand v. Beasley* (1872) 54 Tenn. 121, and *Pollard v. Wellford* (1897) 99 Tenn. 113, 42 S.W. 23, that new party defendants are permissible in equity proceedings, if they are interested in the subject matter of the original suit, or, as stated in the *Rogers* case, supra, if all the matters "grew out of the same thing."

A close review of the factual situation in the present case requires the conclusion that the new parties defendant joined by the cross-actions were not "interested in the subject matter of the suit." The real issues disputed in the primary case are whether or not Johnson was an employee of Aero when he was injured; and, if so, what amount of compensation is owed to Johnson by Aero. The questions regarding indemnification raised by the separate contracts between Aero, American, Security and Chadwell, formed the genus of an entirely distinct and separate litigation. Neither American, Security nor Chadwell are affected by the original suit for workmen's compensation benefits brought by the employee Johnson

against his employer Aero. T.C.A. sec. 21-620, as interpreted in *Ralph Rogers & Co., Inc. v. Allied Construction Company,* supra, does not broaden the powers of Chancery to cover such diverse matters. This is plain from the last clause of the Section.

After a lengthy consideration of the record, briefs, and arguments in this case, it is our decision that the judgment of the lower court be affirmed in part and reversed in part. The judgment dismissing case No. 79571, with all cross-actions; the decision of the trial court in case No. 78680, holding Aero directly liable to Johnson for all compensation benefits, and the finding as to the amount of the award are affirmed. The action of the trial court, allowing third-party defendants, American, Security, and Chadwell, to be brought in by cross-action was error, and the trial court is reversed in this regard. Appropriate judgment, consistent with this opinion, will be entered here. The costs of this appeal are assessed against Aero Mayflower Transit Company.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.