J. Madison Foster, Petitioner,

*v.*

The First National Bank, Hope, Arkansas, et al.,
Respondents.

430 S.W.2d 450.

(*Jackson,* April Term, 1968.)

Opinion filed July 19, 1968.

Henry M. Beaty, Jr., Memphis, for petitioner.

EDWARD P. RUSSELL, JR., Memphis, for The First National Bank, Hope, Arkansas and The Union Planters National Bank of Memphis, Tennessee.

JAMES E. THRELKELD, and THOMAS R. DYER, Memphis, for Ray C. Schutt and Claude Stacks.

Opinion on Petition for Writ of Certiorari

MR. JUSTICE CRESON delivered the opinion of the Court.

This is a petition for certiorari filed in this Court under the provisions of T.C.A. sec. 27-801 et seq., by petitioner, J. Madison Foster, seeking a review of the Chancellor's decision denying appeal from an order sustaining a demurrer to his cross-bill and sustaining a motion to dismiss the cross-bill.

Jurisdiction lies with this Court, pursuant to the provisions of T.C.A. sec. 16-408.

The original bill in this suit was filed by The First National Bank, Hope, Arkansas, and The Union Planters National Bank of Memphis, to recover the unpaid balance of a promissory note executed by Hope Lumber and Manufacturing Co., Inc. The note was secured by the individual guaranty of stockholders, one of whom was the petitioner in the present case. By his answer, the petitioner admitted signing the individual guaranty, but denied his liability for the sum of money sought to be recovered. He then filed a cross-bill which sought to bring in as additional party defendants the President and Secretary of Hope Lumber and Manufacturing Co., Inc. The theory of the cross-bill was that the President and Secretary were guilty of having impaired the working capital of the corporation to the extent that it is now insolvent; and consequently, that any liability on the note should be borne by these two cross-defendants because of their wrongful and fraudulent acts.

The two banks filed a demurrer to petitioner's cross-bill on the grounds that (1) it introduced new parties not in any way concerned with or involved in the original cause of action, and (2) it introduced an entirely new cause of action separate, distinct and unrelated to the substance of the original bill. The officers of Hope Lumber and Manufacturing Co., Inc., the cross-defendants, filed a motion to dismiss the cross-bill for multifariousness and misjoinder of parties.

The Chancellor sustained the demurrer and the motion to dismiss the cross-bill. Petitioner excepted to both actions and prayed an appeal to the Supreme Court.

The Chancellor denied the appeal; whereupon, this petition for writ of certiorari was filed in this Court. As indicated above, error is assigned on the action of the Chancellor in denying an appeal. The common law writ of certiorari is an extraordinary remedy. Codification of the common law writ of certiorari is embodied in T.C.A. sec. 27-801 et seq. Generally, the writ is to be utilized where an inferior tribunal is acting illegally, has exceeded its jurisdiction, or where there is no other plain, speedy or adequate remedy.

█ It is apparent that in the situation here presented there existed no appeal as of right. A granting of appeal in this case lay within the discretion of the Chancellor. We are convinced that the Chancellor did not abuse the discretion. We are in complete agreement with the Chancellor in his view as to the impropriety of the cross-bill. It seems quite obvious that the matters and things there alleged are in nowise germane to those set forth in the original bill.

Thus, this attempt to bring in third-party defendants to answer another cause was rightly rejected as improper. The effort here to superimpose one litigation upon another in the same cause in equity practice is even more flagrant than that condemned in the very recent case of *Johnson v. Aero Mayflower Transit Co.* (1968) 221 Tenn. 219, 425 S.W.2d 757. It seems reasonably clear, also, that the case sought to be instituted by the cross-bill is, itself, fraught with fatal defects.

In the light of this record, the Chancellor did not abuse his discretion as contended. It follows that the petition for certiorari is denied; and the case remanded for further proceedings. Costs of this review are assessed

against the petitioner, J. Madison Foster. Costs below shall abide the decision of the Shelby Chancery Court.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.