James T. FITE, Petitioner/Appellant,

v.

STATE of Tennessee, BOARD OF PAROLES, et al., Respondents/Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 28, 1996.

Permission to Appeal Denied by Supreme Court May 28, 1996.

Petitioner/appellant, Mountain City, Pro Se.

Charles W. Burson, Attorney General and Reporter, Eugene J. Honea, Assistant Attorney General, Nashville, for respondents/appellees.

## OPINION

CANTRELL, Judge.

James T. Fite, an inmate in the Tennessee State Correctional System, petitioned the Chancery Court of Davidson County for a Writ of Certiorari. Mr. Fite asked that the court review the refusal of the Board of Paroles to release him on parole. The court dismissed his petition for lack of subject matter jurisdiction, because it had been filed more than sixty days after the Board's decision. We affirm the trial court, but base our decision on the ground that Mr. Fite has failed to state a claim upon which relief can be granted. See Tenn.R.Civ.P. 12.02(6).

### I.

Mr. Fite was involved in two automobile accidents in rapid succession, the first of which resulted in the death and decapitation of a twenty-one month old child, and the second in serious injury to the other driver. Mr. Fite had apparently been drinking on the day of the accidents, because his blood alcohol level registered 0.26 percent. He was taken into custody, and was released on bond. He subsequently fled the state, but was captured by a bondsman and returned to Tennessee. Pursuant to a plea agreement,

he pled guilty to vehicular homicide, aggravated assault and jumping bail, and was sentenced to seventeen years in prison.

In due course, Mr. Fite became eligible for parole consideration. The hearing that is the subject of the present appeal was held on March 15, 1994. The hearing officer recommended that the prisoner be declined parole, and the other members of the Board concurred by the casting of a final vote on March 25, 1994. In its notice, the Board listed the reasons for declining parole as High Risk and Seriousness of Offense. The Board voted to review Mr. Fite's status again in March of 1996.

In accordance with his rights under Rule 1100–1–1–.07(3)(c) of the Rules and Regulations of the Board of Paroles, Mr. Fite requested an appeal hearing within twenty-one days of the Board's decision. The hearing officer reviewed the documents submitted by Mr. Fite, his board file, and the tape recording of his hearing, and the Board denied his request. The letter of denial was dated August 1, 1994.

Mr. Fite filed his Petition for a Writ of Certiorari on August 23, 1994. The Attorney General filed a Motion to Dismiss on two grounds: (1) that the Petition had not been filed within sixty days of the action complained of, as is required by Tenn.Code Ann. § 27–9–102, and (2) that the petition failed to state a cause of action for which relief could be granted. The petitioner's memorandum in opposition to the Motion contained an argument that Tenn.Code Ann. § 27–9–102 did not bar his Petition, because the Petition had been filed within sixty days of the Board's refusal to grant him an appeal hearing. The trial court agreed with the State's argument on the untimeliness of the appeal,

and accordingly granted the Motion to Dismiss.

## II.

A Writ of Certiorari is an extraordinary remedy, which allows a superior court to review the proceedings of an inferior tribunal where the inferior tribunal "is acting illegally, has exceeded its jurisdiction, or where there is no other plain, speedy or adequate remedy." *Foster v. First National Bank,* 221 Tenn. 688, 691, 430 S.W.2d 450, 451 (1968). See also Tenn.Code Ann. § 27–8–101.

Passing over the jurisdictional question, which we have some difficulty addressing,[1] we do not believe that Mr. Fite has alleged a cause of action for the common law writ of certiorari. As this court has written in the case of *Powell v. Parole Eligibility Review Board,* 879 S.W.2d 871 (1994),

"The scope of review under the common law writ [of certiorari] is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily.... At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review."

While Mr. Fite complains bitterly about the manner in which the parole hearing was conducted, and liberally sprinkles his brief with references to such constitutional concepts as "the law of the land," "illegal double jeopardy," "ex post facto" and "equal protec-

---

1. Rule 1100–1–1–.07(3)(c) of the Rules and Regulations of the Tennessee Board of Paroles provides:

The Board is authorized by law to sit in panels in certain cases. The panel's recommendation is then adopted, modified or rejected by a majority vote by the full Board. Inmates dissatisfied with adverse final action resulting from a penal hearing shall be granted a de novo hearing upon written application filed with the Board within 21 days from the Board's final decision resulting from a panel hearing. Inmates dissatisfied by an adverse

final action of a case heard by a hearing officer shall be, upon proper request, granted a de novo hearing after a decision on the case is made by the full Board.

If that means that an inmate has an absolute right to a de novo hearing after the hearing officer's decision is affirmed by the Board, we have our doubts that the inmate could appeal the Board's initial decision. Thus the time for appeal would not begin to run until the final decision. We choose not to decide that issue in this case.

tion," he does not present any set of facts that would indicate constitutional, statutory or regulatory violations in the conduct of the parole hearing.

As best as we can understand from a reading of Mr. Fite's brief and his petition, Mr. Fite's primary complaint is that the hearing officer did not permit him to present allegations that the mother of the deceased child admitted that his car did not actually collide with hers. He is thus attempting to argue that he is innocent of one of the charges to which he previously pled guilty. Of course the Parole Board has no authority to supersede the judgment of the trial court.

■ Mr. Fite also complains that he was not permitted to submit evidence of his wife's illness, or her history as a rape victim, and of her need for his assistance. The Rules of the Tennessee Board of Paroles 1100–1–1–.06(1) lists seventeen factors for the Board to apply in determining whether to grant or deny parole. Among these is the following: "The resident's family status and whether he has relatives who display an interest in him or whether he has other close and constructive associations in the community."

We assume that the presence or absence of family and community ties is to be considered primarily because such associations provide a supportive structure that may be critical for a successful parole. While the hearing officer could have chosen to examine the affidavits submitted by Mr. Fite's wife and stepson, there is no requirement that the Board consider problems with the physical and mental health of an inmate's family members or their need for his support, in order to reach a decision about parole.

### III.

■ Although Mr. Fite alleged that under the terms of his plea bargain he would be eligible for parole in five years, he did not address that issue in his brief. Therefore we will not address it here.

Mr. Fite's petition does not state any facts that would support a claim that the Board acted illegally, fraudulently, or arbitrarily, or that it exceeded its authority. Thus, even if we gave full credence to Mr. Fite's allega-tions, we would still be obligated to find that he is not entitled to a Writ of Certiorari.

### IV.

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.