# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

January 8, 1997

Cecil W. Crowson
Appellate Court Clerk

WILLIE WEST, )
)
    Plaintiff/Appellant, )
) Davidson Chancery
) No. 95-1644-I
VS. )
) Appeal No.
) 01A01-9604-CH-00362
TENNESSEE BOARD OF )
PAROLES, )
)
    Defendant/Appellee. )


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


For the Plaintiff/Appellant:               For the Defendant/Appellee:

Willie E. West, Pro Se                   Patricia C. Kussmann
                                        Assistant Attorney General


## AFFIRMED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves an inmate's attempt to obtain judicial review of the parole board's decision to deny him parole. The Chancery Court for Davidson County dismissed the inmate's petition for common-law writ of certiorari because it was not filed within the time required by Tenn. Code Ann. § 27-9-102 (1980). The inmate asserts on this appeal that he filed his petition within the required time after he received notice of the board's decision to deny him parole. We affirm the judgment because the inmate's underlying request that the parole board review its decision was not timely filed.

## **I.**

Willie E. West is currently incarcerated at the Northeast Correction Center in Mountain City. He was originally sentenced to the Department of Correction in 1983 following convictions for larceny, receiving stolen property, and aggravated assault. He was released on parole in 1984, but his parole was revoked in 1985 when he committed burglary and grand larceny. He was again paroled in 1988, but this parole was later revoked in 1991 after he started a fire at a Memphis apartment building causing $114,000 in damage.

The parole board declined to parole Mr. West in January 1993 because of the seriousness of his offenses. It also declined to parole him in February 1994 because he was deemed a "high risk." After a hearing officer recommended that Mr. West be paroled in August 1994, the board continued its consideration of the case in order to obtain an updated psychological evaluation of Mr. West's propensity for violence. On November 1, 1994, another hearing officer declined to recommend Mr. West for parole because the evaluation had concluded that "it is not possible to predict whether or not he will act out aggressively in the future." The hearing officer remarked on the disposition sheet that he did "not feel that Mr. West meets [the] standards set by [the] Board at [the] last hearing." Between November 3 and November 8, 1994, three members of the parole board concurred with the hearing officer's recommendation because they believed that Mr. West

presented a high risk of re-offending because of his prior record and prior parole violations.

On December 9, 1994, Mr. West requested an administrative appeal from the hearing officer's November 1, 1994 decision on the ground that he did not understand the meaning of the hearing officer's comment concerning the board's standards. The parole hearings director and his assistant determined that Mr. West was not entitled to an administrative appeal and on February 23, 1995 denied his request for an appeal. The director sent Mr. West a letter informing him of the denial of his request for an appeal on February 23, 1995; however, Mr. West now asserts that he did not receive this notice and did not learn of the denial of his appeal until April 1995.

Mr. West filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County on May 26, 1995. The basis for the petition was the same as the basis for his request for an administrative appeal - that he did not understand the meaning of the board member's comment at his last hearing that he had not met the "standards set by the board at the last hearing." Mr. West claimed that the hearing officer's statement was vague and overbroad and, therefore, that it violated his rights under the Due Process Clause of the Fourteenth Amendment. The trial court determined that it did not have jurisdiction to consider Mr. West's petition because he had not filed it within sixty days of the entry of the order denying him parole as required by Tenn. Code Ann. § 27-9-102.

## II.

### TIMELINESS OF THE PETITION FOR WRIT OF CERTIORARI

Tenn. Code Ann. § 27-9-102 requires that a petition for a common-law writ of certiorari seeking judicial review of an order or decision by a lower tribunal must be filed within sixty days from the entry of the order or judgment. This time limitation is mandatory and jurisdictional. *Thandiwe v. Traughber,* 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). Accordingly, courts cannot review a lower

tribunal's decision using a common-law writ of certiorari if the petition for the writ has not been timely filed.

Ambiguities in the parole board's hearing and internal appeal procedures have prompted repeated questions concerning the fair and proper application of Tenn. Code Ann. § 27-9-102 in cases involving decisions denying parole. The rule governing hearings before the board provides that

> The Board is authorized by law to sit in panels in certain cases. The panel's recommendation is then adopted, modified or rejected by a majority vote by the full Board. Inmates dissatisfied with adverse final action resulting from a panel hearing shall be granted a de novo hearing upon written application filed with the Board within 21 days from the Board's final decision resulting from a panel hearing. Inmates dissatisfied by an adverse final action of a case heard by a hearing officer shall be, upon proper request, granted a de novo hearing after a decision on the case is made by the full Board.

Tenn. Comp. R. & Regs. r. 1100-1-1-.07(3)(c) (1986). On at least three prior occasions, this court has declined to decide whether the timely filing of an application for appellate review tolls the running of Tenn. Code Ann. § 27-9-102's sixty-day period for filing a petition for a common-law writ of certiorari. *Sams v. Traughber,* App. No. 01A01-9603-CH-00133, 1996 WL 467684 (Tenn. Ct. App. Aug. 14, 1996); *Fite v. State,* 925 S.W.2d 543 (Tenn. Ct. App. 1996); *Blevins v. Tennessee Bd. of Paroles,* App. No. 01A01-9502-CH-00050, 1995 WL 276828 (Tenn. Ct. App. May 12, 1995).

We need not decide this issue here because Mr. West's application for appellate review of the decision to deny him parole was not timely. Tenn. Comp. R. & Regs. r. 1100-1-1-.07(3)(c) required Mr. West to file his application within twenty-one days of the board's final decision. The third and final board member concurred with the hearing officer's recommendation on November 8, 1994, thus Mr. West should have filed his application for appellate review by no later than November 29, 1994. His request for an appeal hearing filed on December 9, 1994 came too late. Since it was untimely, it could not have tolled the running of the time for filing a common-law writ of certiorari. Consequently, the trial court

-4-

reached the correct result when it concluded that Mr. West's petition was not filed within the time required by Tenn. Code Ann. § 27-9-102.[1]

## III.

### THE CLARITY OF THE BOARD'S DECISION

We have examined the substance of Mr. West's claims even though we have concluded that his petition was not filed within the time required by Tenn. Code Ann. § 27-9-102. In substance, he asserts that the decision to deny him parole was unconstitutionally vague and overbroad because he does not understand what the hearing officer meant when he remarked that he did not "feel that Mr. West meets the standards set by [the] Board at [the] last hearing." This claim falls beyond the proper scope of a common-law writ of certiorari.

Common-law writs of certiorari cannot be used to seek judicial review of the intrinsic correctness of a lower tribunal's decision. *State ex rel. McMorrow v. Hunt,* 137 Tenn. 243, 250-51, 192 S.W. 931, 933 (1917); *Flowers v. Traughber,* 910 S.W.2d 468, 470 (Tenn. Crim. App. 1995). They empower courts to determine whether the lower tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. If the tribunal conducted itself consistently with the state and federal constitutions and with the applicable legal requirements, then its decision will not be subject to judicial review. *Powell v. Parole Eligibility Review Bd.,* 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

The hearing officer's comments about the parole board's standards must be considered in the context of the entire proceeding and the board's own reasons for declining to parole Mr. West. Mr. West's prior violent conduct while on parole caused the board concern about his conduct should he be paroled again. The

---

[1]We need not consider the application of *Jennings v. Traughber,* App. No. 01A01-9509-CH-00390, 1996 WL 93763 (Tenn. Ct. App. Mar. 6, 1996) to the facts of this case. Determining when Mr. West was notified of the denial of his request for an administrative hearing is unnecessary since we have already decided that his request was filed too late. Were we to confront this factual question directly, we would conclude that Mr. West is bound by the concession in his petition that he "received the disposition of his appeal wherein the appeal was summarily denied" some time "on or around February 21, 1995." His later attempt to retract this concession on the ground that it was "inadvertent" would have been to no avail.

purpose of requesting an updated psychological evaluation was to provide some assurance that this type of conduct would not be repeated. The equivocal results of the evaluation did not provide this assurance, and thus the hearing officer commented that Mr. West did not meet the board's standards relating to violent conduct. The board itself repeated this conclusion when it declined to parole Mr. West because his past offenses and parole violations pointed to a significant risk that he would re-offend if placed on parole.

The hearing officer's and the parole board's reasons for declining to parole Mr. West are not so vague that a person of common intelligence could not understand them. Accordingly, the manner in which the board declined to grant Mr. West parole is not unconstitutional, and the correctness of the board's decision is not subject to judicial review through a common-law writ of certiorari.

## IV.

We affirm the denial of the petition for common-law writ of certiorari and remand the case to the trial court for whatever other proceedings may be required. We tax the costs of this appeal to Willie E. West for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
SAMUEL L. LEWIS, JUDGE