IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 2, 2007

ANTHONY BOND #249793 v. TENNESSEE DEPARTMENT OF
CORRECTION

Appeal from the Chancery Court for Wayne County
No. 11557 Jim T. Hamilton, Chancellor

No. M2006-00622-COA-R3-CV - Filed on April 17, 2007

While an inmate at the South Central Correctional Facility, Anthony Bond was found guilty by the prison disciplinary board of assault on a visitor, placed in punitive segregation for 15 days, and ordered to pay a $5 fine. Mr. Bond challenged the conviction by filing a petition for writ of certiorari in the Wayne County Chancery Court. The trial court, after granting the petition and reviewing a certified copy of the disciplinary record, found that Mr. Bond was not entitled to any relief and dismissed the case. After careful review, we affirm the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Anthony Bond, *pro se* Appellant.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Bradley W. Flippin, Assistant Attorney General, Nashville, Tennessee, for the Appellee, Tennessee Department of Correction.

OPINION

*I. Background*

On October 4, 2004, while Mr. Bond's wife was visiting him at the South Central Correctional Facility, a prison officer observed Mr. Bond turn his wife's face toward him angrily and grab her arm and jerk it down to her side. The officer charged Mr. Bond with the disciplinary

offense of assaulting a visitor. At the disciplinary hearing, the South Central Correctional Facility Disciplinary Board ("the Board") considered the following evidence: the prison officer's observations; Mr. Bond's testimony that he did not assault his visiting wife, but while talking to her told her to "look at me when I am talking to you"; and an unsigned statement, purportedly from Mrs. Bond, that she had not been assaulted by Mr. Bond during her visit and that it was all a misunderstanding. The Board found Mr. Bond guilty of the offense charged, for which they placed him in punitive segregation for 15 days and fined him $5.

Mr. Bond appealed the board's determination to the Commissioner of the Tennessee Department of Correction ("TDOC"), which operates South Central Correctional Facility. The TDOC Assistant Commissioner affirmed the Board's finding based on the evidence that the reporting official saw Mr. Bond grab and jerk his visitor's arm. Mr. Bond then filed a *pro se* petition for common-law writ of certiorari in the Chancery Court for Wayne County. He challenged the Board's actions as illegal, arbitrary, and vindictive. Mr. Bond alleged that there was no evidence to convict him of assault; he was denied the right to present video evidence; he was denied the right to present a statement from a witness; the Board failed to provide a complete and adequate summary of the hearing; and the Board violated his right to due process.

The trial court issued the writ and, following review, found that Mr. Bond was not entitled to relief and dismissed the petition. Mr. Bond appeals.

## II. Issue Presented

On appeal, Mr. Bond argues that there was no evidence to support the assault conviction and therefore, the trial court erred in dismissing his case.

## III. Analysis

A common-law writ of certiorari is not available as a matter of right. It is an extraordinary judicial remedy that is addressed to the trial court's discretion. *Robinson v. Traughber,* 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Fite v. State Bd. of Paroles,* 925 S.W.2d 543, 544 (Tenn. Ct. App. 1996); *Boyce v. Williams,* 389 S.W.2d 272, 277 (Tenn. 1965); *Blackmon v. Tennessee Bd. of Paroles,* 29 S.W.3d 875, 878 (Tenn. Ct. App. 2000). By granting the writ, a trial court orders the lower tribunal to file its administrative record so the court can determine whether the petitioner is entitled to relief. *Harmer v. Tennessee Dep't of Corr.*, No. E2006-00333-COA-R3-CV, 2006 WL 1864017, at *2 (Tenn. Ct. App. E.S., filed July 6, 2006). In such cases, the trial court is confined to a limited scope of review and may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, *Arnold v. Tennessee Bd. of Paroles,* 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.,* 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994), (2) reweigh the evidence, *Watts v. Civil Serv. Bd. for Columbia,* 606 S.W.2d 274, 277 (Tenn. 1980); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals,* 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996), or (3) substitute its judgment for that of the lower tribunal. *421 Corp. v. Metropolitan Gov't,* 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000). Rather, the writ permits a court to examine the lower tribunal's decision to determine whether the tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily.

*Turner v. Tennessee Bd. of Paroles,* 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999).  As we stated recently in *Harmer*:

> The reviewing court does not weigh the evidence, but must uphold the board's decision if the board acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the board's findings.

*Harmer*, 2006 WL 1864017, at *2.

On appeal, Mr. Bond does not dispute the jurisdiction of the Board.  Rather, he argues that there was no evidence to support the assault conviction.  We disagree.  Although Mr. Bond said he was merely gently caressing his wife's hands and Mrs. Bond said it was all a misunderstanding, the board decided that the statement by the prison officer that he observed Mr. Bond angrily turn his wife face towards him and  jerk her arm to her side to be more credible. Mr. Bond is asking us to inquire into the intrinsic correctness of the board's decision.  This we may not do.  Mr. Bond is also seeking to have us reweigh the evidence presented at the board hearing and to substitute our judgment for that of the board, which we may not do. *Willis v. Dep't of Corr.,* 113 S.W.3d 706,712 (Tenn. 2003); *Robinson v. Clement,* 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001).  There is no basis in the record from which the trial court could have concluded that the board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily.  Accordingly, the trial court did not err in dismissing Mr. Bond's case.

### *IV. Conclusion*

We affirm the judgment of the trial court.  Costs on appeal are assessed to the Appellant, Anthony Bond.

_____
SHARON G. LEE, JUDGE