IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 20, 2016 Session

# ERIC BEST v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 151374IV    Russell T. Perkins, Chancellor**
———————————————————

**No. M2016-00513-COA-R3-CV – Filed September 30, 2016**
———————————————————

Appellant, an inmate in the custody of Appellee, the Tennessee Department of Correction, filed a *pro se* petition for common law writ of certiorari in the trial court, seeking review of a prison disciplinary board's decision finding him guilty of possession and use of a cell phone. Appellees moved to dismiss the petition for lack of subject matter jurisdiction on the ground that the petition was not verified as required by the Tennessee Constitution and Tennessee Code Annotated Sections 27-8-104(a) and 27-8-106. The trial court granted the dismissal, and Appellant appeals. Discerning no error, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and ARNOLD B. GOLDIN, JJ., joined.

Benjamin K. Raybin, Nashville, Tennessee, for the appellant, Eric Best.

Herbert H. Slattery III, Attorney General and Reporter; Andreé Blumstein, Solicitor General; Jennifer L. Brenner, Senior Counsel, Office of the Attorney General, Charlotte Montiel Davis, Nashville, Tennessee, for the appellees, Tennessee Department of Correction, Karyleen Rivera, and Warden Bruce Westbrooks.

# OPINION

## I. Background

Eric Best ("Appellant") is an inmate currently in the custody of the Tennessee Department of Correction ("TDOC", and together with Karyleen Rivera and Warden Bruce Westbrooks, "Appellees"). On August 19, 2015, the TDOC Disciplinary Board ("Disciplinary Board") found Appellant guilty of the offense of possession/use of a cell phone. Acting *pro se*, on November 17, 2015, Mr. Best filed a petition for a common law writ of certiorari in the Chancery Court for Davidson County ("trial court"). In his petition, Appellant challenged the Disciplinary Board's decision, alleging that it conducted the hearing in a manner that was "[a]rbitrary, [c]apricious[,] [i]llegal, and [f]raudulent." Appellant's petition was titled "Verified Complaint," was notarized, and stated that "[Appellant] prays that this Court will… [take] the contents of this Petition… as being true."

On January 5, 2016, Appellees filed a motion to dismiss Appellant's petition for writ of certiorari, arguing that the trial court lacked jurisdiction because the petition was not properly verified as required by the Tennessee Constitution, Article VI, Section X, and Tennessee Code Annotated Section 27-8-104(a). On January 19, 2016, Appellant, who had retained counsel, filed a response to the motion to dismiss, averring that the petition was properly verified because it was titled "verified" and was notarized. The parties waived oral argument on the motion.

On February 19, 2016, the trial court entered an order, dismissing the case for lack of subject matter jurisdiction. The trial court concluded:

> The Court, under prevailing appellate authority, is required to dismiss a petition for a writ of certiorari if it is unverified…. Here, Mr. Best swore to his Petition and asked the Court to rule that "the contents of this Petition be taken as being true." If the Court were not bound by applicable appellate authority, it would conclude that Mr. Best's Petition satisfies the express language of the statute and constitutional provisions that govern this case. The Court, however, is bound by, and respects, the very well-reasoned appellate court rulings to the contrary. Accordingly, the Court is required to dismiss Petitioner's Petition as legally deficient.

Appellant appeals.

## II.  Issue

Appellant raises one issue for review, which we restate as follows: whether a petition for common law certiorari is "verified" pursuant to Tennessee Code Annotated Section 27-8-104, where it is notarized, titled "Verified Complaint," and requests that the court take the contents of the petition as true.

## III.  Standard of Review

We first note that, while we are cognizant of the fact that Appellant represented himself when he filed the petition for common law certiorari, it is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). "Parties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen***., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nonetheless, as stated by the Tennessee Supreme Court, "[p]leadings prepared by *pro se* litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." ***Stewart v. Schofield***, 268 S.W.3d 457, 462 (Tenn. 2012). Yet, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

A motion to dismiss for lack of subject matter jurisdiction is governed by Tennessee Rule of Civil Procedure 12.02(1). As this Court has stated, "a determination of whether subject matter jurisdiction exists is a question of law[; thus,] our standard of review is *de novo*, without a presumption of correctness." ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000).

## IV.  Analysis

The right to file a petition for a writ of common law certiorari is governed by the Tennessee Constitution and Tennessee statutes. Our State Constitution provides:

> The judges or justices of the Inferior Courts of Law and Equity, shall have the power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*.

Tenn. Const. art. 6, § 10 (emphasis added). Statutory provisions enacted by the General

Assembly govern the procedure for obtaining the writ of common law certiorari, which permits a superior court to consider the proceedings of an inferior tribunal where the inferior tribunal allegedly has "act[ed] illegally, has exceed its jurisdiction, or where there is no other plain, speedy[,] or adequate remedy." *Yousif v. Clark*, 317 S.W.3d 240, 244 (Tenn. Ct. App. 2010); *Fite v. State, Bd. of Paroles*, 925 S.W.2d 543, 544 (Tenn. Ct. App. 1996). The Tennessee Code specifies:

> The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, *supported by oath or affirmation.*

Tenn. Code Ann. § 27-8-104(a) (2000) (emphasis added).

On appeal, Appellees argue that Mr. Best's petition fails to meet the requirements mandated by the Tennessee Constitution and statutes because the petition is not verified, i.e., fails to include a statement to "confirm the truthfulness of the allegations of his petition." Appellant avers that his petition is properly verified because Appellant: (1) titled the petition "Petition for a Common Law Writ of Certiorari *Verified* Complaint;" (2) included the phrase, "Petitioner prays that this Court will… [take] that the contents of this Petition… as being true;" and (3) used a notary public, whose signature stated that Appellant was "sworn and subscribed before me" (emphasis added).

This Court recognizes a distinction between an acknowledged document, which "establishes the proper execution of the document," and a verified document, which "establishes the truth of the document's contents." *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990) (noting that liens may not be enforced where the supporting documents have been acknowledged through notarization but not verified through a sworn pleading). As defined in Black's Law Dictionary, "verify" means "[t]o prove to be true; to confirm or establish the truth or truthfulness of… [t]o confirm or substantiate by oath or affidavit; to swear to the truth of." Black's Law Dictionary 1698 (9th ed. 2009). Applied specifically to a petition for a common law writ of certiorari, "the petitioner must verify the contents of the petition *and* swear to the contents of the petition under oath, typically by using a notary public." *Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 245 (Tenn. Ct. App. 2006) (emphasis added) (citing *Underwood v. Tenn. Dep't of Corr.*, No. W2004-01630-COA-R3-CV, 2005 WL 123501 (Tenn. Ct. App. Jan. 20, 2005) (affirming the trial court's dismissal of a petition for writ of certiorari where the petition was notarized but not verified); *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002) (affirming trial court's dismissal of a petition for writ of certiorari where the petition was not verified)).

Appellant contends that the "verification" in his petition is sufficient under Tennessee Rule of Civil Procedure 8.06 (stating that "[a]ll pleadings shall be so construed to do

substantial justice) and that "[a]rtifically creating such a technicality would defy both the letter and spirit of the law." However, in *Jackson v. Tennessee Department of Correction*, this Court upheld the verification requirement in addition to the notarization requirement, explaining that

> merely swearing to having knowledge of the allegations contained in the petition is insufficient to qualify as a verification under oath. To conclude otherwise would allow a petitioner to file a petition which knowingly contained frivolous, false, and even perjured allegations or statements of facts.

*Jackson*, 240 S.W.3d at 245 (citing *Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *2 (Tenn. Crim. App. Sept. 4, 2001)). The Tennessee Constitution and Tennessee Code Annotated Sections 27-8-104(a) are clear and unambiguous in requiring verification for a petition for a common law writ of certiorari.

Applying the foregoing authority, Appellant's use of "Verified" in the title of his petition and his inclusion of the phrase, "Petitioner prays that this Court will… [take] the contents of this Petition… as being true," without more, do not satisfy the verification requirements under Tennessee Code Annotated Section 27-8-104(a). *See, e.g*, *Moses v. Dirghangi*, 430 S.W.3d 371, 375 (Tenn. Ct. App. 2013) ("pleas or counts contained in a complaint will be given the effect required by their content, without regard to the name given them by the pleader"). This Court has consistently held that, without proper substance, pure legal conclusion (i.e., that the petition is verified without actual verification) will not suffice. *See Ryan v. Metro. Gov't*, No. M2005-00761-COA-R3-CV, 2006 WL 280514, at *3 (Tenn. Ct. App. Sept. 29, 2006) (holding that a party, who merely names itself as a business entity without proper licensing or registration, is a mere legal conclusion and not colorable); *Demers v. Whittenburg*, No. M2003-00184-COA-R3-CV, 2004 WL 1196109, at *11-*13 (Tenn. Ct. App. May 27, 2004) (finding that dismissal for failure to state a claim upon which relief can be granted is proper where a party has simply alleged legal conclusions without description of substance of underlying conduct); *Louis Dreyfus Corp. v. Austin Co.*, 868 S.W.2d 649, 656 (Tenn. Ct. App. 1993) (affirming that summary judgment is proper where the non-moving party presents an affidavit containing mere legal conclusions). Finally, the fact that Appellant's petition is notarized serves only to acknowledge the petition. *See generally* discussion *supra*; *Jackson*, 240 S.W. at 245; *Montague*, 2001 WL 1011464, at *2; *D.T. McCall & Sons*, 796 S.W.2d at 463. Because Appellant's petition was not properly verified pursuant to the Tennessee Constitution, Article VI, Section X, and Tennessee Code Annotated Section 27-8-104(a), the trial court properly dismissed the petition for lack of subject matter jurisdiction.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Eric Best, and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE